IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN FRANK MOORE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 3:16-cv-408-SRW |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On September 12, 2017, this court reversed the Commissioner's decision and remanded the case for further proceedings. Docs. 17, 18. Following remand, the Commissioner issued a fully favorable decision. On August 5, 2019, the Commissioner issued an Award Notice stating that, "up to 25 percent of [Plaintiff's] past due benefits can be used toward the payment of [attorney] fees. Thus, we are withholding $28,253.75 from your benefits, until the authorized amount of your attorney's fees is determined." Doc. 24-2 at 2. Therefore, Plaintiff was awarded retroactive benefits in the amount of $113,015.00. Doc. 24 at 2 ¶ 3.[1] This court previously awarded to Plaintiff fees in the amount of $3,875.82 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Doc. 23.

Pending before the court is Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. §406(b) (Doc. 24) in which counsel seeks authorization to charge

---

[1] $28,253.75 x 4 = $113,015.00.

1

her client $24,377.93 out of his past due Social Security insurance benefits for 20.1 hours[2] of work performed before this court. The Commissioner opposes the Motion "because the amount requested is unreasonable in light of the hours spent on the case." Doc. 28 at 1. The statute provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. §406(b)(1)(A). The contingency fee agreement between Plaintiff and his attorney provides, in part, "If Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of past-due benefits." Doc. 24-1 at 1.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court examined the issue of attorney's fees sought in connection with contingency fee agreements in Social Security disability cases. The Court held that "§406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. The burden is on the attorney for the claimant to "show that the fee sought is reasonable for the services rendered." *Id*. *Gisbrecht* instructs that the court is to review the fee resulting from a contingent fee agreement for reasonableness,

---

[2] *See* Timesheet, Doc. 19-1 at 2.

based on the facts of the particular case before it. *Id*. at 808 ("Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). The Supreme Court observed that if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id*.

Here, the Commissioner argues that a total fee of $28,253.75 for 20.1 hours of work before this court would result in a windfall to Plaintiff's counsel, but does not otherwise argue that the fee is unmerited. Doc. 28 at 2. Plaintiff's counsel contends that the fee is neither unreasonable nor a windfall because taking this case posed a risk to her. Specifically, Plaintiff's counsel states that Plaintiff's prior attorney was unwilling to pursue the case any further and that Plaintiff's insured status for Title II benefits had expired on December 31, 2011, so if she "had not risked taking this case to District Court, [Plaintiff] would have never had the opportunity for back benefits, ongoing Title II benefits, or Medicare prior to full retirement age." Doc. 31 at 3. Furthermore, Plaintiff's counsel points out that her practice revolves around Social Security disability cases so "all fees received by [her] are contingency based"; that she is a seasoned practitioner, having regularly represented Social Security claimants since 2009 in this court; and that she has made a three-year commitment to her client thus far. *Id*.

In balancing *Gisbrecht*'s guidance and conclusion that Congress intended to "contain" rather than "outlaw" lawful contingent fee agreements,[3] along with the issues

---

[3] *Gisbrecht*, 535 U.S. at 805.

presented in this appeal, the 20.1 hours counsel spent compared to the fee she seeks, the increased possibility of loss that the case posed, and the results obtained for Plaintiff, the court finds that a downward adjustment of the fee from $24,377.93 to $20,000 renders an award that largely preserves the benefit of counsel's contingent fee agreement with Plaintiff and compensates her reasonably for her work. Accordingly, it is

ORDERED, pursuant to 42 U.S.C. § 406(b), that counsel's Motion (Doc. 24) is GRANTED to the extent that the Commissioner is DIRECTED to pay Plaintiff's attorney $20,000 from Plaintiff's withheld past-due benefits for the 20.1 hours of work performed before the court.

It is further ORDERED that counsel is DIRECTED to take the steps necessary to ensure that Plaintiff is credited or refunded $3,875.82, the amount of fees previously awarded to Plaintiff pursuant to the Equal Access to Justice Act.

DONE, on this the 18th day of November, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge